**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------X
NIASIA CORDOVA,

        Plaintiff,

   - against -

FEDEX CORPORATION,

        Defendant.
------------------------------------------------------------------------X

Case No.

**COMPLAINT**

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

  NIASIA CORDOVA ("Plaintiff or "Cordova"), by and through her attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, against FEDEX CORPORATION ("Defendant"), alleges upon knowledge as to herself and her own actions and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1. This is a civil action based upon Defendant's violations of Plaintiff's rights guaranteed to her by: (i) the sex discrimination provisions of **Title VII of the Civil Rights Act of 1964**, as amended ("Title VII"); (ii) the sexual orientation discrimination provisions of the **New York State Human Rights Law**, New York State Executive Law, §§ 292 and 296 *et seq.* ("NYSHRL"); (iii) the sexual orientation discrimination provisions of the **New York City Human Rights Law** §§ 8-107 and 8-102 *et seq.* ("NYCHRL"); and (iv) any other claim(s) that may be inferred from the facts set forth herein.

2. As set forth below, Plaintiff seeks damages to redress the injuries she has suffered as a result of being **discriminated and retaliated against** by Defendant solely due to her **sexual orientation and/or gender**.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 as this action arises under 42 U.S.C. § 2000(e) *et seq*.

4. The Court has supplemental jurisdiction over all state and city law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PROCEDURAL PREREQUISITES

6. Plaintiff timely filed a Charge of Discrimination upon with this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

7. Plaintiff received a Notice of Right to Sue from the EEOC, dated August 19, 2022, with respect to the charges of discrimination described herein. A copy of the Notice is annexed hereto as Exhibit "A".

8. Plaintiff commenced this action within ninety (90) days of receipt of the Notice of Right to Sue.

## PARTIES

9. At all relevant times herein, Cordova was and is a resident of the State of New York and openly identifies as a gay female. As such, Cordova is a "person" and an "employee" entitled to protection by the relevant statutes referenced herein.

10. At all relevant times herein, Defendant FEDEX CORPORATION is a Delaware corporation with a principal place of business located in the State of Tennessee.

11. Defendant FEDEX CORPORATION transacts substantial business in the State of New York, including but not limited to, through various subsidiary entities and branch offices that carry out Defendant's operations and interstate mail delivery services.

12. At all relevant times herein, Defendant FEDEX CORPORATION employ more than fifteen (15) employees and as such, Defendant is an employer covered by the statutes referenced herein.

## MATERIAL FACTS

13. In or about October 2019, Defendant hired Cordova as a package handler at its branch office – Defendant FedEx Home Delivery – located at 24-25 Brooklyn Queens Expressway, Woodside, New York 11377.

14. At all relevant times herein, Cordova earned approximately seventeen (17) dollars per hour while working for Defendant.

15. Throughout Cordova's employment with Defendant, her performance met or exceeded Defendant's expectations.

16. Throughout Cordova's employment with Defendant, she was required to comply with provisions of Defendant's Code of Conduct, including the "Equal Opportunity and Anti-Harassment" provisions at page ten (10) ("Code of Conduct").

17. Defendant's Code of Conduct forbids discrimination on the basis of "sex" and "sexual orientation."

18. Throughout her employment with Defendant, Cordova was vocal that she was an openly gay female.

19. In or about May 2021, Cordova was moving boxes at the FedEx Home Delivery branch when she asked another employee of Defendant – Marcus (Last Name Unknown) ("Marcus") – for assistance in lifting and moving the boxes.

20. Lifting and moving boxes at Defendant's offices and/or branches was within the scope of Marcus's and Cordova's employment for Defendant.

21. Instead of simply assisting Cordova in moving the boxes, Marcus refused and invaded

Cordova's personal space so that he was physically close to her in an intimidating fashion.

22. While physically intimidating Cordova and standing in Cordova's personal space, Marcus proclaimed that he would not take any direction from Cordova and as such, refused to lift and move the boxes as requested.

23. Marcus further attempted to intimidate Cordova and called her a "bitch" and a "dike".

24. Marcus further threatened to fight Cordova.

25. Marcus intimidated Cordova by instructing her that he "knew what [Cordova's] car looked like."

26. Later that same day, Cordova informed a manager of Defendant – Afiesha Liverpool ("Afiesha") – regarding the discriminatory and threatening conduct by Marcus against her.

27. Thereafter, Afiesha instructed Cordova to sit and wait in a conference room at the FedEx Home Delivery branch. Subsequently, Afiesha, Marcus and a second supervisor of Defendant Shannon ("last name unknown") ("Second Supervisor") entered the conference room.

28. While in the conference room, Cordova explained to management that she was discriminated against and physically threatened by Marcus.

29. Cordova moreover disclosed that she feared for her safety and was extremely anxious as a result of the discriminatory conduct by Marcus.

30. Instead of offering to remedy the hostile work environment, in response to Cordova's complaints, Afiesha and the Second Supervisor retaliated against Cordova and instructed her that Defendant may terminate her employment or "fire" her.

31. Upon information and belief, Marcus, an openly heterosexual male, was not disciplined by Defendant in connection with discriminating against and threatening Cordova.

32. Cordova informed management, including but not limited to, Afiesha, that she feared for

4

her safety and suffered a medical condition in the form of debilitating anxiety stemming from discriminatory and threatening conduct by Marcus against her.

33. Neither management for Defendant nor human resources responded to Cordova's repeated requests for a leave of absence and as such, Cordova's pleas for leaves of absence and a remedy to her hostile work environment were left unanswered.

34. Defendant purposefully declined to take any action to remedy the hostile work environment to which Cordova was subjected as a result of Marcus's discriminatory conduct against her.

35. Defendant and its staff, each collectively and individually, condoned, ratified, and supported the discriminatory work environment to which Cordova was subjected.

36. Accordingly, Cordoba was left with no choice but to resign her employment on June 30, 2021.

37. As a result of the Defendant's actions, Cordova was unlawfully treated, humiliated, degraded, victimized, embarrassed, and emotionally distressed.

38. As a result of the acts and conduct complained of herein, Cordova has suffered a loss of income, the loss of a salary/pay, special damages, loss of employment, loss of employment opportunities, loss to benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

39. As a result of the acts and conduct complained of herein, Cordova has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Cordova has further experienced severe emotional and physical distress.

40. Defendant's conduct was malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Cordova demands Punitive Damages against Defendant.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

41. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42. 42 U.S.C. § 2000e-2(a)(1), states in relevant part:

> It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to their compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, **sex**, or national origin[.] (Emphasis added.)

43. As described herein, Defendant discriminated against Plaintiff on the basis of her sex and sexual orientation, in violation of Title VII, by subjecting her to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, severe or pervasive harassment of Plaintiff based on her sexual orientation.

44. As a result of the unlawful discriminatory conduct of Defendant in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

45. The unlawful discriminatory actions of Defendant constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
## FOR RETALITION UNDER TITLE VII

46. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. 42 U.S.C. § 2000e-3(a) provides that it shall be unlawful employment practice for an employer:

> [T]o . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

48. As described herein, Plaintiff engaged in protected activities, including but not limited to, making internal complaints regarding discrimination.

49. As described herein, after Plaintiff engaged in activity protected by Title VII, Defendant took adverse actions against Plaintiff by, *inter alia*, threatening to terminate Plaintiff's employment, which would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

50. As a result of Defendant's retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

51. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of Title VII, for which Plaintiff is entitled to an award of punitive damages.

## THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NYSHRL

52. Plaintiff repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. Executive Law § 296(1)(a) provides that:

> It shall be an unlawful discriminatory practice: For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, **sexual orientation**, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment. (Emphasis added.)

54. As described herein, Defendant discriminated against Plaintiff on the basis of her sexual orientation in violation of NYSHRL, by subjecting her to disparate treatment and creating, fostering, condoning, accepting, ratifying, and/or negligently failing to prevent or remedy a hostile work environment that included, among other things, harassment of Plaintiff based on Plaintiff's sexual orientation.

55. As a result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

56. As a result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful discriminatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

## FOURTH CAUSE OF ACTION
## FOR RETALIATION UNDER THE NYSHRL

58. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

59. Executive Law § 296 provides that, "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has filed a complaint, testified, or assisted in any proceeding under this article."

60. As described herein, Plaintiff engaged in protected activities, including but not limited to, making internal complaints regarding discrimination against Plaintiff based on sexual orientation and her gender.

61. As described herein, after Plaintiff engaged in activity protected by the NYSHRL, Defendant took adverse employment actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

62. As a result of Defendant's retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

63. Defendant's unlawful retaliatory actions constitute malicious, willful, and wanton violations of the NYSHRL, for which Plaintiff is entitled to an award of punitive damages.

### FIFTH CAUSE OF ACTION
### FOR DISCRIMINATION UNDER THE NYCHRL

64. Plaintiff repeats, reiterates and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

65. The Administrative Code of the City of New York 8-107(1) provides:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual

> or perceived age, race, creed, color, national origin, gender, disability, marital status, **sexual orientation** or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

66. Defendant engaged in unlawful discriminatory practices in violation of the New York City Administrative Code by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff because of her disability.

67. As described above, Defendant discriminated against Plaintiff on the basis of her sexual orientation in violation of the NYCHRL by, including but not limited to, subjecting her to disparate working conditions, and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

68. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, economic loss, for which she is entitled to an award of monetary damages and other relief.

69. As a result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### SIXTH CAUSE OF ACTION
### FOR RETALIATION UNDER THE NYCHRL

70. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

71. The New York City Administrative Code §8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate

against any person because such person **has opposed any practices** forbidden under this chapter. . ."

72. As described above, Plaintiff engaged in protected activities, including making internal complaints regarding Defendant's discrimination on the basis of Plaintiff's sexual orientation.

73. As described above, after Plaintiff engaged in activity protected by the NYCHRL, Defendant's took adverse actions against Plaintiff that would dissuade a reasonable employee from making or supporting a similar complaint of discrimination.

74. As a result of Defendant's retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer pecuniary losses, severe mental anguish and emotional distress, including, but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages, as well as past and future lost wages and benefits and other compensatory damages, and other relief.

## JURY DEMAND

75. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII, the NYSHRL, and the NYCHRL, in that Defendant discriminated against Plaintiff on the basis of her sex and sexual orientation.

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination, and to otherwise make her whole for any losses suffered as a result

of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injuries to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding pre-judgment and post-judgment interest, as provided by law; and

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: Garden City, New York
November 4, 2022

**PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC**

By: _____/s/_____
Joshua M. Friedman, Esq.
585 Stewart Avenue, Suite 410
Garden City, New York 11530
T: (212) 248-7431
F: (212) 901-2107
jfriedman@tpglaws.com